RONALD ADY  (USB 3694)
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT,
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATRICIA REYES,<br><br>    Plaintiff,<br><br>        v.<br><br>N.A.R., INC. and Olson ASSOCIATES, P.C.<br><br>    Defendants. | **CLASS ACTION COMPLAINT**<br><br>(Jury Trial)<br><br><br>**Case No. 1:20-cv-00007-HCN**<br><br>**Judge** Howard C. Nielson |

Plaintiff Patricia Reyes, through counsel, complains against the above-referenced Defendants as follows.

I.    **PRELIMINARY STATEMENT**

Plaintiff, Patricia Reyes, on behalf of herself and all others similarly situated, alleges violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA), the Utah Consumer Credit Code, *Utah Code Ann.* § 70C-1-101 *et seq.* (UCCC) and the Utah Communications Fraud Act, *Utah Code Ann.* § 78B-6-1701, against

Defendants N.A.R., Inc. and Olson Associates, P.C.

1.    Defendant N.A.R., Inc. is a debt collector that collects debts in the State of Utah and the Defendant Olson Associates, P.C. is a law firm that files legal actions to collect debts for N.A.R., Inc. Both firms office out of the same complex in West Valley City, Utah.

2.    Defendants regularly collect on medical debt governed by the terms of the standard Intermountain Healthcare Consent and Conditions of Service agreement between IHC (including its independent contractors using its facilities) and its patients. Even though that agreement makes no provision for the recovery of a collection charge, the Defendants are routinely adding to the balance due they are collecting a collection charge calculated as a percentage of the balance due, and then concealing that unauthorized charge by including it in an overstated lump sum amount alleged to be the balance due.

3.    As well, Defendants regularly use a stipulated payment plan with debtors they are collecting from which routinely requires payments to N.A.R., Inc. in four or more installments of the alleged balance due, but which includes a provision which, contrary to the express prohibition in the UCCC against confessions of judgment, includes a confession of judgment in the event the debtor defaults in making a required payment.

II.    **JURISDICTION AND RELATIONSHIP OF THE PARTIES**

4.    Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § l692, the Utah Communications Fraud Act, *Utah Code Ann.* § 78B-6-1701, and the Utah Consumer Credit Code, *Utah Code Ann.* § 70C-1-101 et seq.

5.    The Court has jurisdiction pursuant to l5 U.S.C. § 1692k; 28 U.S.C. § l33l and § 1367.

6.    Plaintiff is a natural person who resides in the State of Utah.

7.    Plaintiff is a consumer within the FDCPA.

8.    Plaintiff is a consumer within the UCCC.

9.    The Defendant N.A.R., Inc. is a Utah corporation with its main office at 1600 West 2200 South, Ste 410, West Valley City, UT 84119, whose registered agent is David J. Saxton of the same address.

10.    N.A.R., Inc. is a debt collector under the FDCPA.

11.    N.A.R., Inc. is a creditor under the UCCC, that is, it regularly extends consumer credit that is payable by written agreement in more than four installments, not including a down payment; and is the person to which the obligation is initially payable, as demonstrated by the records on Xchange for the cases filed by the Defendant N.A.R., Inc.

12.    The Defendant Olson Associates, P.C. is a Utah corporation with its main office at 1600 West 2200 South, Ste 100, West Valley City, UT 84119, whose registered agent is Mark Olson of the same address.

13.    The Defendant Olson Associates, P.C. is a debt collector under the FDCPA, as is demonstrated by the hundreds of debt collection cases it has filed on Xchange.

14.    At all times material to the Plaintiff's claims, the Defendant Olson Associates, P.C. was the attorney at law and the attorney-in-fact for the Defendant N.A.R., Inc.

15.    As the agent for the Defendant N.A.R., Inc., the Defendant Olson Associates, P.C. acted as a creditor under the UCCC.

## III.    APPLICABLE LAW

**Fair Debt Collection Practices Act**

16.    The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

17.    The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any

debt." *Id.* § 1692e.

18.    The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

19.    The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

20.    The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

21.    The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

22.    The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

23.    The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**Utah Consumer Credit Code**

24.     The purpose of the UCCC is: (a) to further consumer understanding of the terms of credit transactions and to foster competition among suppliers of consumer credit so that consumers may obtain credit at reasonable cost; (b) to prohibit certain unfair practices; and (c) to avoid the duplication of laws and regulations pertaining to consumer credit between state and federal authorities and to supplement applicable federal laws and regulations. *Utah Code Ann.* § 70C-1-102.

25.     The provisions of the UCCC (with limited exceptions) apply to all credit offered or extended by a creditor to an individual person primarily for personal, family, or household purposes. *Id..* § 70C-1-201.

26.     Under the UCCC "Creditor" means a party who regularly extends consumer credit that is payable by written agreement in more than four installments, not including a down payment; and to whom the obligation is initially payable on the face of the note or contract. *Id.* § 70C-1-302.

27.     The UCCC prohibits a creditor taking or receiving "from a debtor an obligation that constitutes or contains a cognovit or confession of judgment, warrant of attorney, or other waiver of the right to notice and the opportunity to be heard in the event of suit or process thereon." *Id.* § 70C-2-201.

28.     The UCCC provides a private right of action to enforce its terms. *Id.* § 70C-7-205.

**Utah Communications Fraud Act**

29.     The purpose of the Utah Communications Fraud Act is to provide a remedy against "[a]ny person who has devised any scheme or artifice to defraud another or to obtain from another money, property, or anything of value by means of false or fraudulent pretenses, representations, promises, or material omissions, and who communicates directly or indirectly with any person by any means for the purpose of executing or concealing the scheme or artifice." *Utah Code Ann.* § 76-10-1801

30.     Reliance on the part of any person is not a necessary element of the offense described in Subsection (1). *Id.* § 76-10-1801(3).

31.     Each separate communication made for the purpose of executing or concealing a scheme or artifice described in Subsection (1) is a separate act and offense of communication fraud. *Id.* § 76-10-1801(5).

32.     Means of communication include use of the mail, telephone, telegraph, radio, television, newspaper, computer, and spoken and written communication. *Id.* § 76-10-1801(6)(b).

33.     A person may not be found liable under this section unless the pretenses, representations, promises, or material omissions made or omitted were made or omitted intentionally, knowingly, or with a reckless disregard for the truth. *Id..* § 76-10-1801(7).

34.     As used in this section, "sensitive personal identifying information" means information regarding an individual's: (a) Social Security number; (b) driver's license number or other government issued identification number; (c) financial account number or credit or debit card number; (d) password or personal identification number or other identification required to gain access to a financial account or a secure website; (e) automated or electronic signature; (f) unique biometric data . . . . *Id.*. § 76-10-1801(8).

35.     A perpetrator who is not tried or found not guilty of a violation of Section 76-6-1102, Identity Fraud, or Section 76-10-1801, Communications Fraud, may be found liable under this section if the court finds by a preponderance of the evidence that the perpetrator participated in a violation and the petitioner was injured as a result. *Utah Code Ann.* § 78B-6-1701(4).

36.     The Act provides a private right of action to a person who has been injured by a violation of Section 76-6-1102, Identity Fraud, or Section 76-10-1801, Communications Fraud, so that the injured person may recover from the perpetrator: (a) compensatory damages in the amount of $1,000 or up to three times the amount of actual damages, whichever is greater; (b) attorney fees; and (c) court costs. *Id.* § 78B-6-1701(1).

## IV.    FACTUAL ALLEGATIONS

37.     On July 30, 2018 the Plaintiff used medical services in giving birth to a child.

38.     On August 12, 2019 the Defendants commenced an action in the Second Judicial District Court, Ogden Department, State of Utah as civil no. 199703817 for $393.17 it claimed was owing from the Plaintiff for those medical services (hereafter the state court action).

39.     The Defendants claimed that the amounts owing were governed by the terms of an Intermountain Healthcare standard Consent and Condition of Services attached as an exhibit to their complaint in the state court action (hereafter the IHC terms).

40.     The $393.17 balance claimed owing by the Defendants in the state court action was substantially overstated because it included a collection charge based on a percentage of the balance owing for the medical services, and there was no provision in the IHC terms for the Plaintiff's payment of that percentage collection charge.

41.     On or about August 20, 2019 the Defendants emailed the Plaintiff a proposed form of stipulation for payment of the alleged balance owing of $393.17 by the payment of $840.17 ($1,190.17 if she defaulted) in monthly payments of $80.00.

42.     That proposed form of stipulation including the following terms:

i.      "Plaintiff is the Prevailing Party in [case no. 199703817] and is now entitled to all amounts that would be awarded in any judgment."

ii.     "If the Plaintiff does not receive the minimum payment within 15

days of any due date or if the Defendant(s) violate any other terms
of this Stipulation, the Defendant(s) shall be in default and confess
to judgment being entered against them . . . ." Id.

43.    On August 27, 2019 the Plaintiff struck out the text referred to in
paragraph 42.i. above, struck out "and confess to judgment being entered against them .
. . .", initialed these strike-outs, signed the stipulation and emailed it back to the
Defendants.

44.    Plaintiff telephoned the Defendants on August 29, 2019 to confirm that the
stipulation for installment payments had been accepted and was informed that the
Plaintiff's strike-outs had been rejected, that she must sign the stipulation without
changes and agree to the confession of judgment, or the Defendants would continue to
prosecute the state court action against her.

45.    Plaintiff called the Defendants again later the same day and was informed
by one of the Defendants' paralegals that at 9:06 a.m. an attorney for the Defendants
had reviewed the Plaintiff's proposed changes (i.e., the strike-outs) and had noted on
the file that those changes were rejected. The paralegal further informed the Plaintiff
that she must sign the stipulation without changes and agree to the confession of
judgment, or the Defendants would continue to prosecute the state court action against
her.

46.    On December 5, 2019 the Plaintiff attended a pre-trial in the state court

action and in a face-to-face meeting after the pre-trial was informed by an attorney for the Defendants that the Plaintiff that she must sign the stipulation without changes and agree to the confession of judgment, or the Defendants would continue to prosecute the state court action against her.

47.     The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

48.     The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, pursuant to a pattern and practice of the Defendant in collecting on debts that were not owed, were not in default or by requiring a confession of judgment from the debtor, and without regard to or consideration of the identity or rights of the Plaintiff Patricia Reyes.

49.     As a direct and immediate result of these wrongful collection efforts by the Defendants the Plaintiff Patricia Reyes not only incurred bouts of crying but also had depression, anxiety attacks, headaches, tiredness, and sleeplessness.

## RIGHT TO JURY TRIAL

50.     Plaintiff claims the right to a jury trial under the 7th Amendment of the United States Constitution and pursuant to *Fed. R. Civ. P.* 38.

## V.     CLASS ACTION ALLEGATIONS

**Utah Class 1**

51.     Plaintiff brings this action under *Fed. R. Civ. P.* 23(b)(2) and (b)(3) on behalf of the following class of persons aggrieved by Defendants' FDCPA violations (the "Utah Class 1"), subject to modification after discovery and case development:

Within the applicable statute of limitations, all Utah residents Defendants charged a collection fee, calculated as a percentage of the balance owing, when enforcing the terms of the Intermountain Healthcare Consent and Conditions of Service in the form attached as an exhibit to the N.A.R., Inc.'s state court complaint filed against the Plaintiff.

**Utah Class 2**

52.     Additionally, Plaintiff brings this action under *Fed. R. Civ. P.* 23(b)(2) and (b)(3) on behalf of the following class of persons aggrieved by the Defendants' Utah Communications Fraud violations ("Utah Class 2"), subject to modification after discovery and case development:

All Utah residents Defendants charged, collected, or attempted to collect a charge based on the percentage of the balance due, when enforcing the terms of the Intermountain Healthcare Consent and Conditions of Service in form attached as an exhibit to the

N.A.R., Inc.'s state court complaint filed against the Plaintiff, during the applicable statute of limitations.

**Utah Class 3**

53.    Additionally, Plaintiff brings this action under *Fed. R. Civ. P.* 23(b)(2) on behalf of the following class of persons aggrieved by the Defendants' UCCC violations ("Utah Class 3"), subject to modification after discovery and case development:

All Utah residents Defendants presented with or entered into a stipulated payment plan with, where the amounts due under that payment plan were payable in four or more installments (not including any downpayment) and where that stipulated payment plan recited a confession of judgment, during the applicable limitation period.

**Utah Class 4**

54.    Additionally, Plaintiff brings this action under *Fed. R. Civ. P.* 23(b)(2) and (b)(3) on behalf of the following class of persons aggrieved by the Defendants' FDCPA violations ("Utah Class 5"), subject to modification after discovery and case development:

All Utah residents Defendants presented with or entered into a stipulated payment plan with, where the amounts due under that payment plan were payable in four or more installments (not including any downpayment) and where that stipulated payment plan recited a confession of judgment, during the applicable limitation period.

**Utah Class 5**

55.     Additionally, Plaintiff brings this action under *Fed. R. Civ. P.* 23(b)(2) and (b)(3) on behalf of the following class of persons aggrieved by the Defendants' violations of the Utah Communications Fraud Act ("Utah Class 3"), subject to modification after discovery and case development:

All Utah residents Defendants presented with or entered into a stipulated payment plan with, where the amounts due under that payment plan were payable in four or more installments (not including any downpayment) and where that stipulated payment plan recited a confession of judgment, during the applicable limitation period.

56.     Class members are identifiable through Defendants' records and payment databases.

57.     Excluded from the Class are Defendants, any entities in which they have a controlling interest (individually or collectively, their agents and employees, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

58.     Plaintiff proposes that she serve as class representative for the Class.

59.     Plaintiff and the Class have all been harmed by the actions of Defendants

60.     Numerosity is satisfied. There are likely thousands of class members. Individual joinder of these persons is impracticable.

61.    There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

1.    Whether the Defendants violated the FDCPA by charging, collecting or attempting to collect an unauthorized charge based on the percentage of the balance due under the IHC terms;

2.    Whether the Defendants violated the Communications Fraud statute by charging, collecting, or attempting to collect an unauthorized charge based on the percentage of the balance due under the IHC terms;

3.    Whether Defendants violated the UCCC by using a stipulated payment plan for payment in four or more installments of a debt, where that stipulated payment plan recited a confession of judgment;

4.    Whether Defendants violated the FDCPA by using a stipulated payment plan for payment in four or more installments of a debt, where that stipulated payment plan recited a confession of judgment;

5.    Whether Defendants violated the Utah Communications Fraud Act by using a stipulated payment plan for payment in four or more installments of a debt, where that stipulated payment plan recited a confession of judgment;

6.    Whether Plaintiff and class members are entitled to actual or statutory damages as a result of Defendants' actions;

15

7.      Whether Plaintiff and class members are entitled to attorney's fees and costs; and

8.      Whether Defendants should be enjoined from engaging in such conduct in the future.

62.    Plaintiff's claims are typical of the claims of the Classes.

63.    Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions.

64.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

65.    The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications concerning individual class members.

**COUNT 1**
(N.A.R., Inc.'s Violation of the FDCPA by collecting a percentage based charge)
**(Utah Class 1)**

66.    Plaintiff Patricia Reyes re-alleges and incorporates the preceding paragraphs of her complaint as if specifically restated herein.

67.     At all times material to the Plaintiff's claims, she was a "consumer" as defined by 15 U.S.C. § 1692a(3) when she incurred a balance owing for medical services related to child-birth.

68.     N.A.R., Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because a review of the documents filed on Xchange shows it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another.

69.     N.A.R., Inc. engaged in indirect "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when Olson Associates, P.C.:

i.     On August 12, 2019 served a ten-day summons and complaint upon the Plaintiff in case no. 199703817 to not only collect the balance claimed due but to also collect a percentage collection fee added to that balance claimed due;

ii.     On or about August 20, 2019 forwarding to the Plaintiff a proposed stipulated payment plan which included not only the balance claimed due, but also a percentage collection fee added to that balance claimed due;

iii.     Demanded on August 29, 2019 that the Plaintiff pay not only the balance claimed due, but also a percentage collection fee added to that balance claimed due;

iv.     Demanded on December 5, 2019 that the Plaintiff pay not only the balance claimed due, but also a percentage collection fee added to that balance claimed

due;

        v.    Filed on January 9, 2019 a motion for summary judgment in case no. 199703817 in which the Plaintiff claimed as due not only the balance claimed due, but also a percentage collection fee added to that balance claimed due.

70.    N.A.R., Inc. violated 15 U.S.C. § 1692f(1) when it imposed a percentage collection charge not owed and not expressly authorized by the agreement creating the debt.

71.    N.A.R., Inc. violated 15 U.S.C. § 1692e(2)(A) when it misrepresented the amount, character, and status of the amount owed by the Plaintiff as including a percentage collection charge.

72.    N.A.R., Inc. violated 15 U.S.C. § 1692e(10) when it falsely asserted that the Plaintiff owed, in addition to the balance claimed for medical services, a percentage collection charge.

73.    N.A.R., Inc.'s violation of the FDCPA harmed Plaintiff by depriving her of the statutory right to accurate and clear information concerning the balance she owed. Additionally, Plaintiff has been required to expend many hours of her time and incur expenses in opposing N.A.R.'s claim to the unauthorized percentage charge. She also suffers the imminent risk of having to pay an illegal amount.

74.    As a result of N.A.R., Inc.'s violation of 15 U.S.C. § 1692e and15 U.S.C. §

1692f, Plaintiff and class members are entitled to actual damages, plus statutory

damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

### COUNT II
(Olson Associates, P.C. Violation of the FDCPA by collecting a percentage based charge)

75.    Plaintiff Patricia Reyes re-alleges and incorporates the preceding

paragraphs of her complaint as if specifically restated herein.

76.    At all times material to the Plaintiff's claims, she was a "consumer" as

defined by 15 U.S.C. § 1692a(3) when she incurred a balance owing for medical services

related to child-birth.

77.    Olson Associates, P.C. is a "debt collector" as defined by 15 U.S.C. §

1692a(6) because a review of the documents filed on Xchange shows it regularly

attempts to collect, and collects, amounts owed or asserted to be owed or due another.

78.    Olson Associates, P.C. engaged in direct "communications" with Plaintiff

as defined by 15 U.S.C. § 1692a(2) when Olson Associates, P.C.:

i.    On August 12, 2019 served a ten-day summons and complaint

upon the Plaintiff in case no. 199703817 to not only collect the balance claimed due but

to also collect a percentage collection fee added to that balance claimed due;

ii.    On or about 20, 2019 forwarding to the Plaintiff a proposed

stipulated payment plan which included not only the balance claimed due, but also a

percentage collection fee added to that balance claimed due;

iii.    Demanded on August 29, 2019 that the Plaintiff pay not only the balance claimed due, but also a percentage collection fee added to that balance claimed due;

iv.    Demanded on December 5, 2019 that the Plaintiff pay not only the balance claimed due, but also a percentage collection fee added to that balance claimed due;

v.    Filed on January 9, 2019 a motion for summary judgment in case no. 199703817 in which the Plaintiff claimed as due not only the balance claimed due, but also a percentage collection fee added to that balance claimed due.

79.    Olson Associates, P.C. violated 15 U.S.C. § 1692f(1) when it imposed a percentage collection charge not owed and not expressly authorized by the agreement creating the debt.

80.    Olson Associates, P.C. violated 15 U.S.C. § 1692e(2)(A) when it misrepresented the amount, character, and status of the amount owed by the Plaintiff as including a percentage collection charge.

81.    Olson Associates, P.C. violated 15 U.S.C. § 1692e(10) when it falsely asserted that the Plaintiff owed, in addition to the balance claimed for medical services, a percentage collection charge.

82.    Olson Associates, P.C.'s violation of the FDCPA harmed Plaintiff by depriving her of the statutory right to accurate and clear information concerning the

balance she owed. Additionally, Plaintiff has been required to expend many hours of her time and incur expenses in opposing N.A.R.'s claim to the unauthorized percentage charge. She also suffers the imminent risk of having to pay an illegal amount.

83.     As a result of Olson Associates, P.C.'s violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, Plaintiff and class members are entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

## COUNT III
(Violation of the Utah Communications Fraud Act by collecting a percentage based charge)

### (Utah Class 2)

84.     Plaintiff Patricia Reyes re-alleges and incorporates the preceding paragraphs of her complaint as if specifically restated herein.

85.     In asserting a right to charge a collection fee based on the balance owing for medical services governed by the Intermountain Healthcare Consent and Conditions of Service attached as an exhibit to N.A.R., Inc.'s state court complaint (the IHC terms), the Defendant N.A.R, Inc. engaged in communications fraud within the meaning of *Utah Code Ann*. § 76-10-1801, thus making these Defendant N.A.R., Inc. liable to the Plaintiff Patricia Reyes under *Utah Code Ann.* § 78B-6-1701.

86.     Among other things, these Defendant N.A.R.'s communications fraud included it knowingly, intentionally, or with reckless disregard for the truth using one or more elements of the Plaintiff's sensitive personal identifying information in committing the following acts enumerated in sub-paragraphs i. through v. below, in

that at all times material to each of these enumerated acts the Defendant knew that the IHC terms made no provision for the imposition of a percentage collection charge and failed to specify a percentage collection fee that could be added to the balance claimed due from the Plaintiff, that is, by:

1.      On August 12, 2019 serving a ten-day summons and complaint upon the Plaintiff in case no. 199703817 to not only collect the balance claimed due but to also collect a percentage collection fee added to that balance claimed due;

2.      On or about August 20, 2019 forwarding to the Plaintiff a proposed stipulated payment plan which included not only the balance claimed due, but also a percentage collection fee added to that balance claimed due;

3.      Demanding on August 29, 2019 that the Plaintiff pay not only the balance claimed due, but also a percentage collection fee added to that balance claimed due;

4.      Demanding on December 5, 2019 that the Plaintiff pay not only the balance claimed due, but also a percentage collection fee added to that balance claimed due;

5.      Filing on January 9, 2019 a motion for summary judgment in case no. 199703817 in which the Plaintiff claimed as due not only the balance claimed due, but also a percentage collection fee added to that balance claimed due.

87.      N.A.R., Inc. thereby communicated directly with the Plaintiff, through the

mail, computer, or by spoken and written communication, for the purpose of implementing its scheme or artifice to deprive the Plaintiff of in excess of some $110.00 in funds she did not owe.

88.     Based on the foregoing, the Plaintiff Patricia Reyes and the class are each entitled to recover from N.A.R., Inc. the greater of compensatory damages of $1,000.00, or three times the amount of their actual damages, whichever is greater,  attorney fees and costs as provided for by *Utah Code Ann.* § 78B-6-1701.

## COUNT IV
(Communications Fraud by the Defendant Olson Associates, P.C.)

89.     Plaintiff Patricia Reyes re-alleges and incorporates the preceding paragraphs of her complaint as if specifically restated herein.

90.     In asserting a right to charge a collection fee based on the balance owing for medical services governed by the Intermountain Healthcare Consent and Conditions of Service attached as an exhibit to N.A.R., Inc.'s state court complaint (the IHC terms), the Defendant Olson Associates, P.C. engaged in communications fraud within the meaning of *Utah Code Ann*. § 76-10-1801, thus making the Defendant Olson Associates, P.C. liable to the Plaintiff Patricia Reyes under *Utah Code Ann.* § 78B-6-1701.

91.     Among other things, the Defendant Olson Associates, P.C.'s communications fraud included its knowingly, intentionally, or with reckless disregard for the truth using one or more elements of the Plaintiff's sensitive personal identifying information in committing the following acts enumerated in sub-paragraphs i. through

v. below, in that at all times material to each of these enumerated acts the Defendant

Olson Associates, P.C. knew that the IHC terms made no provision for the imposition of

a percentage collection charge and failed to specify a percentage collection fee that

could be added to the balance claimed due from the Plaintiff, that is, by:

        i.      On August 12, 2019 serving a ten-day summons and complaint

upon the Plaintiff in case no. 199703817 tp not only collect the balance claimed due but

to also collect a percentage collection fee added to that balance claimed due;

        ii.      On or about August 20, 2019 forwarding to the Plaintiff a proposed

stipulated payment plan which included not only the balance claimed due, but also a

percentage collection fee added to that balance claimed due;

        iii.      Demanding on August 29, 2019 that the Plaintiff pay not only the

balance claimed due, but also a percentage collection fee added to that balance claimed

due;

        iv.      Demanding on December 5, 2019 that the Plaintiff pay not only the

balance claimed due, but also a percentage collection fee added to that balance claimed

due;

        v.      Filing on January 9, 2019 a motion for summary judgment in case

no. 199703817 in which the Plaintiff claimed as due not only the balance claimed due,

but also a percentage collection fee added to that balance claimed due.

        92.    The Defendant Olson Associates, P.C. thereby communicated directly

with the Plaintiff, through the mail, computer, or by spoken and written

communication, for the purpose of implementing the Defendant's scheme or artifice to

deprive the Plaintiff of in excess of some $110.00 in funds she did not owe.

93.     Based on the foregoing, the Plaintiff Patricia Reyes and the class are each

entitled to recover from the Defendant Olson Associates, P.C. the greater of

compensatory damages of $1,000.00, or three times the amount of their actual damages,

whichever is greater,  attorney fees and costs as provided for by *Utah Code Ann.* § 78B-6-

1701.

## COUNT V
(Violation of the U.C.C.C. prohibition against a confession of judgment)
**(Utah Class 3)**

94.     Plaintiff Patricia Reyes re-alleges and incorporates the preceding

paragraphs of her complaint as if specifically restated herein.

95.     At all times material to the Plaintiff's claims, the medical services relating

to child-birth for which the Defendant N.A.R., Inc. claimed were incurred primarily for

personal, family, or household use within the meaning of *Utah Code Ann.* § 70C-7-201.

96.     The Defendant N.A.R., Inc. is a creditor within the meaning of *Utah Code

Ann.* § 70C-1-302(3)(a)(i)(A)&(B) who regularly extends consumer credit that is payable

by written agreement in more than four installments, not including a down payment;

and to whom the obligation is initially payable, as demonstrated by the records on

Xchange for the cases filed by the Defendant N.A.R., Inc..

97.    *Utah Code Ann.* § 70C-2-201 prohibits the Defendant N.A.R., Inc. taking a "cognovit or confession of judgment, warrant of attorney, or other waiver of the right to notice and the opportunity to be heard in the event of suit or process" on a debtor's obligation.

98.    As well, *Utah Code Ann.* § 70C-7-203 provides that "'[r]efunds or penalties to which the debtor is entitled under this part may be set off against the debtor's obligation and may be raised as a defense to a suit on the obligation without regard to the time limitations prescribed by this part."

99.    At all times material to the Plaintiff's claims, the Defendant Olson Associates, P.C. was the Defendant N.A.R., Inc's attorney at law and attorney in fact in enforcing the illegal confession of judgment terms in the Stipulation.

100.    Plaintiff on August 27, 2019 returned to the Defendant N.A.R., Inc. (through its agent Olson Associates, P.C.), the form of Stipulation routinely used by the Defendant N.A.R., Inc., providing for payments of $80.00 per month on a total claimed balance due of $840.17, which was signed by the Plaintiff but with the following terms in the Stipulation stricken out and initialed by the Plaintiff:

i.    "~~Plaintiff is the Prevailing Party in that action and is now entitled to all amounts that would be awarded in any judgment~~."

ii.    "If the Plaintiff does not receive the minimum payment within 15 days of any due date or if the Defendant(s) violate any other terms of this Stipulation, the Defendant shall be in default ~~and confess to~~

~~judgment being entered against them~~ . . . ."

101.    In two different telephone conversations on August 29, 2019 the Defendant N.A.R., Inc. (through its agent Olson Associates, P.C.) unequivocally rejected the strike-outs by the Plaintiff, advising that the Plaintiff must sign the Stipulation without any changes and that she must agree to the confession of judgment in the Stipulation or the Defendants would continue to prosecute the state court action against the Plaintiff.

102.    In the second telephone conversation on August 29, 2019 a paralegal for the Defendants advised Plaintiff that one their attorneys had reviewed the Plaintiff's strike-outs on August 27, 2019 at 9:06 a.m. and noted in the account notes that Plaintiff's proposed changes were rejected.

103.    In a face-to-face meeting on December 5, 2019 one of the attorneys for the Defendants again advised the Plaintiff that she must agree to the confession of judgment in the Stipulation or the Defendants would continue to prosecute their state court debt collection action against the Plaintiff.

104.    As a result of the Defendants' violation of *Utah Code Ann.* § 70C-7-201 Plaintiff and the class members are entitled seeking declaratory relief under 28 U.S.C. § 2201 stating that the provisions which the Plaintiff struck-out in the Stipulation (and related provisions) violate the UCCC's prohibition against confessions of judgment, and are entitled to reasonable attorney's fees and costs under *Utah Code Ann*. § 70C-7-204 in obtaining that declaration.

**COUNT VI**
(N.A.R., Inc.'s Violation of the FDCPA by using a confession of judgment)
**(Utah Class 4)**

105.     Plaintiff Patricia Reyes re-alleges and incorporates the preceding paragraphs of her complaint as if specifically restated herein.

106.     At all times material to the Plaintiff's claims, she was a "consumer" as defined by 15 U.S.C. § 1692a(3) when she incurred a balance owing for medical services related to child-birth.

107.     N.A.R., Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because a review of the documents filed on Xchange shows it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another.

108.     N.A.R., Inc. engaged in indirect "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when Olson Associates, P.C.:

i.     On or about August 20, 2019 emailed a proposed stipulation for a payment plan to the Plaintiff which included a confession of judgment;

ii.     On or about August 27, 2019 rejected Plaintiff's agreement to enter into the stipulated payment plan with the confession of judgment terms stricken out;

iii.     Advised the Plaintiff by telephone, twice, on August 29, 2019 that her proposed changes to the Defendants' stipulation deleting the confession of judgment terms had been categorically rejected and that she must sign the Stipulation with the confession of judgment in it, that the Defendants would fully enforce the

confession of judgment if she defaulted, and that if the Plaintiff did not execute the Stipulation without changes the Defendants would continue prosecuting the Plaintiff in the state court action;

iv.     Demanded on December 5, 2019 in a face-to-face meeting with one of the Defendants' attorneys that the Plaintiff sign the Stipulation with the confession of judgment in it, that the Defendants would fully enforce the confession of judgment if she defaulted, and that failing the Plaintiff's execution of the Stipulation the prosecution of the state court action against her would continue.

109.     N.A.R., Inc. violated 15 U.S.C. § 1692e(2)(A) when it misrepresented the character and status of the debt owed by the Plaintiff as being subject to a confession of judgment requirement.

110.     N.A.R., Inc. violated 15 U.S.C. § 1692e(5) when it threatened to use the confession of judgment against the Plaintiff even though such action cannot legally be taken.

111.     N.A.R., Inc. violated 15 U.S.C. § 1692e(10) when it falsely asserted that it had a right to use the confession of judgment in the Stipulation.

112.     N.A.R., Inc.'s violation of the FDCPA harmed Plaintiff by depriving her of an opportunity to enter into a stipulated payment plan, thus requiring that she continue to defend against the state court action and expend many hours of her time and incur expenses in opposing N.A.R.'s claims in the state court action.

113.    As a result of N.A.R., Inc.'s violation of 15 U.S.C. § 1692e and15 U.S.C. § 1692f, Plaintiff and class members are entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

## COUNT VII

(Olson Associates, P.C.'s Violation of the FDCPA by using a confession of judgment)

114.    Plaintiff Patricia Reyes re-alleges and incorporates the preceding paragraphs of her complaint as if specifically restated herein.

115.    At all times material to the Plaintiff's claims, she was a "consumer" as defined by 15 U.S.C. § 1692a(3) when she incurred a balance owing for medical services related to child-birth.

116.    Olson Associates, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because a review of the documents filed on Xchange shows it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another.

117.    Olson Associates, P.C. engaged in direct "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when Olson Associates, P.C.:

i.    On or about August 20, 2019 emailed a proposed stipulation for a payment plan to the Plaintiff which included a confession of judgment ;

ii.    On or about August 27, 2019 rejected Plaintiff's agreement to enter into the stipulated payment plan with the confession of judgment terms stricken out;

iii.    Advised the Plaintiff by telephone, twice, on August 29, 2019 that

her proposed changes to the Defendants' stipulation deleting the confession of judgment terms had been categorically rejected and that she must sign the Stipulation with the confession of judgment in it, that the Defendants would fully enforce the confession of judgment if she defaulted, and that if the Plaintiff did not execute the Stipulation without changes the Defendants would continue prosecuting the Plaintiff in the state court action;

        iv.      Demanded on December 5, 2019 in a face-to-face meeting with one of the Defendants' attorneys that the Plaintiff sign the Stipulation with the confession of judgment in it, that the Defendants would fully enforce the confession of judgment if she defaulted, and that failing the Plaintiff's execution of the Stipulation the prosecution of the state court action against her would continue.

118.    Olson Associates, P.C. violated 15 U.S.C. § 1692e(2)(A) when it misrepresented the character and status of the debt owed by the Plaintiff as being subject to a confession of judgment requirement.

119.    Olson Associates, P.C. violated 15 U.S.C. § 1692e(5) when it threatened to use the confession of judgment against the Plaintiff even though such action cannot legally be taken.

120.    Olson Associates, P.C. violated 15 U.S.C. § 1692e(10) when it falsely asserted that it had a right to use the confession of judgment in the Stipulation.

121.    Olson Associates, P.C.'s violation of the FDCPA harmed Plaintiff by depriving her of an opportunity to enter into a stipulated payment plan, thus requiring

that she continue to defend against the state court action and expend many hours of her time and incur expenses in opposing N.A.R.'s claims in the state court action.

122.    As a result of Olson Associates, P.C.'s violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, Plaintiff and class members are entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

**COUNT VIII**

(N.A.R., Inc.'s violation of the Utah Communications Fraud Act by using a confession of judgment)

(**Utah Class 5**)

123.    Plaintiff Patricia Reyes re-alleges and incorporates the preceding paragraphs of her complaint as if specifically restated herein.

124.    In asserting a right to require a confession of judgment from the Plaintiff as a condition of entering into a stipulated payment plan, the Defendant N.A.R, Inc. engaged in communications fraud within the meaning of *Utah Code Ann*. § 76-10-1801, thus making these Defendant N.A.R., Inc. liable to the Plaintiff Patricia Reyes under *Utah Code Ann*. § 78B-6-1701.

125.    Among other things, the Defendant N.A.R.'s communications fraud included it knowingly, intentionally, or with reckless disregard for the truth using one or more elements of the Plaintiff's sensitive personal identifying information in committing the following acts enumerated in sub-paragraphs i. through iv. below, in that at all times material to each of these enumerated acts the Defendant N.A.R., Inc. knew that as a creditor under the UCCC it was prohibited from using a confession of

32

judgment in any written agreement with a debtor, such as the Plaintiff, that is, by:

       i.     On or about August 20, 2019 emailing a proposed stipulation for a payment plan to the Plaintiff which included a confession of judgment;

      ii.     On or about August 27, 2019 rejected Plaintiff's agreement to enter into the stipulated payment plan with the confession of judgment terms stricken out;

     iii.     Advising the Plaintiff by telephone, twice, on August 29, 2019 that her proposed changes to the Defendants' stipulation deleting the confession of judgment terms had been categorically rejected and that she must sign the Stipulation with the confession of judgment in it, or the Defendants would continue prosecuting the Plaintiff in the state court action;

     iv.     Demanding on December 5, 2019 in a face-to-face meeting with one of the Defendants' attorneys that the Plaintiff sign the Stipulation with the confession of judgment in it, failing which the prosecution of the state court action against her would continue.

126.    N.A.R., Inc. thereby communicated (through its agent the Defendant Olson Associates, P.C.) directly with the Plaintiff, through the mail, computer, or by spoken and written communication, for the purpose of implementing its scheme or artifice to deprive the Plaintiff of in excess of some $110.00 in funds she did not owe.

127.    Based on the foregoing, the Plaintiff Patricia Reyes and the class are each entitled to recover from N.A.R., Inc. the greater of compensatory damages of $1,000.00,

or three times the amount of their actual damages, whichever is greater, attorney fees

and costs as provided for by *Utah Code Ann.* § 78B-6-1701.

## COUNT IX

(Olson Associates, P.C. violation of the Utah Communications Fraud Act by using a
confession of judgment)

128.    Plaintiff Patricia Reyes re-alleges and incorporates the preceding

paragraphs of her complaint as if specifically restated herein.

129.    In asserting a right to require a confession of judgment from the Plaintiff

as a condition of entering into a stipulated payment plan, the Defendant Olson

Associates, P.C. engaged in communications fraud within the meaning of *Utah Code*

*Ann*. § 76-10-1801, thus making these Defendant Olson Associates, P.C. liable to the

Plaintiff Patricia Reyes under *Utah Code Ann.* § 78B-6-1701.

130.    Among other things, the Defendant Olson Associates, P.C.

communications fraud included it knowingly, intentionally, or with reckless disregard

for the truth using one or more elements of the Plaintiff's sensitive personal identifying

information in committing the following acts enumerated in sub-paragraphs i. through

iv. below, in that at all times material to each of these enumerated acts the Defendant

Olson Associates, P.C. knew that the Defendant N.A.R., Inc. was a creditor under the

UCCC and so Olson Associates, P.C. was prohibited from using a confession of

judgment in any written agreement with a debtor, such as the Plaintiff, that is, by:

i.    On or about August 20, 2019 emailing a proposed stipulation for a

payment plan to the Plaintiff which included a confession of judgment;

ii.     On or about August 27, 2019 rejected Plaintiff's agreement to enter
into the stipulated payment plan with the confession of judgment terms stricken out;

iii.     Advising the Plaintiff by telephone, twice, on August 29, 2019 that
her proposed changes to the Defendants' stipulation deleting the confession of
judgment terms had been categorically rejected and that she must sign the Stipulation
with the confession of judgment in it, or the Defendants would continue prosecuting the
Plaintiff in the state court action;

iv.     Demanding on December 5, 2019 in a face-to-face meeting with one
of the Defendants' attorneys that the Plaintiff sign the Stipulation with the confession of
judgment in it, failing which the prosecution of the state court action against her would
continue.

131.    Olson Associates, P.C. thereby communicated directly with the Plaintiff,
through the mail, computer, or by spoken and written communication, for the purpose
of implementing its scheme or artifice to deprive the Plaintiff of in excess of some
$110.00 in funds she did not owe.

132.    Based on the foregoing, the Plaintiff Patricia Reyes and the class are each
entitled to recover from Olson Associates, P.C. the greater of compensatory damages of
$1,000.00, or three times the amount of their actual damages, whichever is greater,
attorney fees and costs as provided for by *Utah Code Ann.* § 78B-6-1701.

**WHEREFORE** Plaintiff respectfully requests this Court to enter judgment for the
Plaintiff and the class and against the Defendants by awarding all of the following:

a.      The Plaintiff and the class be awarded statutory damages for Utah Class claims 1, 2, 4, and 5;

b.      The Plaintiff and all class members be awarded attorney fees.

c.      That the Court declare for Utah Class 3 that the Defendants' use of a confession of judgment violated Utah law.

d.      That the Court enter a judgment permanently enjoining Defendants from using a confession of judgment in violation of the UCCC, the FDCPA and the Utah Communications Fraud Act.

e.      That the Court enter a judgment permanently enjoining Defendants from charging and/or collecting debt in violation of the FDCPA and the Utah Communications Fraud Act.

f.      That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendants' compliance with the UCCC, the FDCPA, and the Utah Communications Fraud Act.

g.      That the Court enter an order that Defendants and their agents, or anyone acting on their behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

h.      That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under *Fed. R. Civ. P.* 23(b)(2) and (b)(3).

i.      Such other and further relief as the Court may deem just and proper.

DATED this 24ᵗʰ day of January, 2020.


   /S/Ronald Ady                  
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax
adyr@80law.com
Attorney for the
Plaintiff Patricia Reyes